S:\363\Catskill.363(memo)

GENOVA AND MALIN
Attorneys for Debtor
Hampton Business Center
1136 Route 9
Wappingers Falls, New York 12590
(845) 298-1600
Andrea B. Malin, Esq. (AM4424)
Michelle L. Trier, Esq. (MT1212)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-------------------------------------------------------X
IN RE:                                                                          CHAPTER 11

CATSKILL DISTILLING CO., LTD.,                              CASE NO.: 19-36861 (CGM)

                    Debtor.
-------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE DEBTOR'S
MOTION FOR AN ORDER PURSUANT TO
11 U.S.C. §§ 363 (b) and 363(f) (A)
APPROVING BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL
DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND
ENCUMBRANCES PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY
CODE, (B) APPROVING THE FORM AND MANNER OF NOTICE AND (C)
GRANTING PURCHASER GOOD FAITH STATUS PURSUANT TO 11 U.S.C. §363(m)**

**PRELIMINARY STATEMENT**

By its Motion, CATSKILL DISTILLING CO., LTD. (the "debtor"), seeks an Order: (A) Approving Bid Procedures for the Sale of substantially all of the debtor's assets, subject to higher and better bids, free and clear of all liens, claims, interests and encumbrances, (B) Approving the form and manner of Notice, and (C) Granting Purchaser Good Faith Status pursuant to 11 U.S.C. §363(M).  Pursuant to §§105(a) and 363(b) of Title 11, United States Bankruptcy Code, 11 U.S.C. §101, et seq. (The "Bankruptcy Code"), and Rules 1121(d), 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure ("F.R.B.P."), bankruptcy courts

have authority to authorize a debtor to sell its assets free and clear of liens, claims and encumbrances and conduct an auction of its assets in contemplation of a sale.

Since the Court has jursidiction over the debtor's Sale Motion pursuant to §§157 and 1334 of Title 28 of the United States Code, venue is proper in this District pursuant to §§1408 and 1409 of Title 28 of the United States Code, and this is a core proceeding under §§157(b)(2)(A), (B), (C), (K), (L), (M), (N), and (O) of Title 28 of the United States Code, and based upon this Memorandum of Law and the and the application of the debtor, the debtor respectfully requests that the relief be granted.

## STATEMENT OF FACTS

The Court is respectfully referred to the application in support of the Motion for a recitation of the background facts.

## ARGUMENT

### I.  A PRE-CONFIRMATION SALE OF THE DEBTOR'S ASSETS IS APPROPRIATE

The Debtor should be authorized to sell his property to a third party, via auction, pursuant to 11 U.S.C. §§363(b)(1) and (f)(3), as there is a sound purpose for doing so and it is in the best interest of the Debtor's estate to do so. In re the Lionel Corp., 722 F.2d 1063 (2d Cir. 1983); In re Borders Group, Inc., et al., 453 B.R. 477 (Bankr.S.D.N.Y.2011); In re Shubh Hotels Pittsburgh, Inc., 439 B.R. 637 (Bankr.W.D.Penn. 2010).

Section 363(b)(1) of the United States Bankruptcy Code provides, in pertinent part, that the debtor "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. . ." 11 U.S.C. §363(b)(1).  The inquiry into whether a debtor should be permitted to sell or lease its assets begins with the debtor demonstrating a

2

"sound business purpose" for the proposed sale or lease.  Id. at 639; (See also In re Lionel, supra.).

The debtor wishes to sell, via private sale but subject to higher and better offers, substantially all of its assets to EXIGENT PARTNERS, LLC ("EIXGENT"), based upon a letter of intent made by EXIGENT dated June 8, 2020.  According to the debtor's schedules, filed with this Court, the debtor's assets have an approximate value of $7,000,000.00.  However, due to the nature of the debtor's business and the current economic climate, it is clear that the debtor's assets have a value of what a buyer is willing to pay.  As such, it is difficult to ascertain the precise value of the debtor's assets.  The letter of intent by EXIGENT proposes a cash purchase price of $2,400,000.00 with the contemplation of additional amounts to the debtor's lease creditors.  In addition, the debtor would expect that if there are other prospective purchasers, the proposed sale would entice offers from said individuals.

Further, 11 U.S.C. §363(f) of the Code states as follows:

> (f) The Trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if...
> > (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> > (2) such entity consents;
> > (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> > (4) such interest is in bona fide dispute; or
> > (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The conditions set forth in 11 U.S.C. §363(f) are in the disjunctive, which means that only one of the tests must be met. The debtor believes that the anticipated sale price of its assets is in the best interests of the estate and its creditors, for a variety of reasons, including the following:

(a) The debtor believes that an immediate sale of the assets is in the best interest of the creditors and the estate at large;

(b) the purchase price is adequate and represents the current fair market value of the assets to be sold; and

(c) the sale proceeds will be used to fund a liquidating plan of reorganization and will likely result in a meaningful distribution to creditors.

It is therefore submitted that §363(f) is satisfied and a sale of the debtor's assets is in the best interest of creditors and the estate and will prevent unnecessary, irreparable harm to the creditors and the estate.

Accordingly, as there is a sound business purpose for the private sale of the Debtor's assets to a third party, subject to higher and betters offers, and the anticipated price to be realized from the sale will satisfy the debtor's largest secured creditor and is in the best interest of the debtor's estate, this Court should authorize the sale of the property pursuant to 11 U.S.C. §§363(b)(1) and (f)(3).

## **CONCLUSION**

It is respectfully submitted that sufficient cause exists for the entry of an Order (A) Approving Bid Procedures for the Sale of substantially all of the debtor's assets, subject to higher and better bids, free and clear of all liens, claims, interests and encumbrances, (B)

Approving the form and manner of Notice, and (C) Granting Purchaser Good Faith Status pursuant to 11 U.S.C. §363(M), in order to allow the debtor a confirmable, liquidating plan of reorganization.  Accordingly, the debtor respectfully requests that the Court enter the pre-fixed Order approving the bid procedures for the sale of substantially all the debtor's assets free and clear of all liens, claims, interests and encumbrances, approving the form and manner of notice of the sal and assumption and assignment of executory contracts and leases and scheduling an auction and sale hearing, together with such other and further relief as is just and proper under the circumstances.

Dated:  Wappingers Falls, New York
       June 15, 2020

                                      GENOVA & MALIN
                                      Attorneys for Debtor

                            By:   /s/ Michelle L. Trier
                                 MICHELLE L. TRIER (MT1212)
                                 Hampton Business Center
                                 1136 Route 9
                                 Wappingers Falls, NY 12590
                                 (845) 298-1600